IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VALERI BEAHM, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO. 12-01282 |
| | : | |
| TIM BURKE, ET AL., | : | |
|     Defendants. | : | |
| | : | |

**MEMORANDUM**

**STENGEL, J.**　　　　　　　　　　　　　　　　　　　　　　　　　November 7, 2013

Plaintiff Valerie Beahm brought the present § 1983 action alleging violations of her Fourth, Fifth, and Fourteenth Amendment rights by defendants Todd Buskirk, Roger Bulava, James Kleinman, and Bonita Crowe. The defendants filed this motion for summary judgment. For the reasons stated below, I will grant their motion and dismiss this case.

**I.　　BACKGROUND**

The plaintiff is a resident of Allentown, Pennsylvania. The defendants are employed in some capacity with the Northampton County Prison.[1] On June 6, 2009, the plaintiff was arrested for driving under the influence (DUI).[2] On June 18, 2010, the plaintiff was sentenced as part of a negotiated plea to 6 to 54 months with 6 months of

---

[1] Tim Burke is employed as the Warden of Northampton County Prison. Roger Boluva serves as a Deputy Warden of the Northampton County Prison. James Kleinman is an employee of the Northampton County Prison. Bonita Crowe is a Field Officer in charge of prisoner admissions for those convicted of DUI violations.

[2] This was the plaintiff's second DUI.

1

house arrest to start immediately for her misdemeanor DUI.[3]  The plaintiff's minimum release date was December 18, 2010, while her maximum release date was December 18, 2014.[4]  She was then put under state parole supervision while she participated in the Northampton County Department of Corrections Community Corrections Program.[5]  As a condition of that program, the plaintiff was not permitted to possess or consume any alcoholic beverages.[6]

---

[3] The offense of drunken driving in Pennsylvania, though a misdemeanor, may be punishable by a fine of $300 to $2,500 and imprisonment up to two years depending on the circumstances of the offense. See 75 Pa.C.S. § 3803 and § 3804.

House arrest is a "sentence which orders offenders confined to their own residences except for preapproved excursions for medical treatment, employment, performance of community service, and drug or alcohol, or both, treatment or counseling. House arrest may be combined, with electronic monitoring to detect violations." 37 Pa. Code § 451.2.

[4] Under 42 Pa. C.S. § 9762(a)—effective at the time of plaintiff's sentencing—persons serving a maximum of two to five years could be committed to either the state or county prison.

[5] The Northampton County Community Corrections Program "[a]llows the resident to be gainfully employed in the community while serving his or her sentence." ARNOLD M. MATOS & TODD K. BUSKIRK, NORTHAMPTON COUNTY DEPARTMENT OF CORRECTIONS OFFICIAL INMATE HANDBOOK 53 (2013), available at https://corrections.northamptoncounty.org/PhotoGallery/InmateHandbook.pdf.

Under Pennsylvania law, the authority to parole convicted offenders is split between the common pleas courts and the Pennsylvania Board of Probation and Parole (Parole Board).  When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant and revoke parole is vested in the Parole Board.  See 61 Pa. C.S. § 6132; Georgevich v. Court of Common Pleas, 507 A.2d 812, 813 (1986).

However, sentences related to DUI offenses do not necessarily follow this structure. See 75 Pa. C.S. §3804(d) (2012); 204 Pa. Code § 303.12 (2013). When sentences can be served in a county prison pursuant to § 9762 or § 3804(d), sentencing judges have the discretion to allow the county to retain parole authority and supervision so long as this intention is declared at the time of sentencing. 75 Pa. C.S. § 3815 (2004). The plaintiff's sentencing sheet did not specify that the county should retain supervision of the plaintiff. See Plaintiff's Exhibit C at Beahm 011 and Beahm 012. Additionally, in imposing an order of probation, the court shall specify at the time of sentencing: 1) the length of any term during which the defendant is to be supervised, 2) which term may not exceed the maximum term for which the defendant could be confined, and 3) the authority that shall conduct the supervision. 42 Pa. C.S. § 9754 (a).  The sentencing sheet did not include this information either. See Plaintiff's Exhibit C at Beahm 011 and Beahm 012.

[6] On June 18, 2010, the plaintiff signed a Northampton County Department of Corrections Community Corrections Program Electronic Monitoring House Arrest Program Participation Agreement which stated in part: "(8) I understand that I am NOT permitted to consume or have in my possession and/or residence any alcoholic beverages and I shall abstain from the unlawful use, possession or distribution of narcotics or controlled substances. I understand that all prescription drugs and/or over-the-counter medications are not permitted unless substantiated by

On March 4, 2011, the plaintiff was arrested following a visit from state parole at which she tested positive for alcohol. As a result, she was incarcerated in Northampton County Prison (NCP) from March 8, 2011 until June 1, 2011—87 days total. On June 1, 2011, Judge Kimberly McFadden entered an order releasing plaintiff from her incarceration at NCP.

At that time, the plaintiff's attorney filed a motion to clarify the sentence.[7] In response, on June 1, 2011, Judge McFadden ordered and directed that

> the sentence imposed on June 18, 2010, shall be clarified to reflect … The Defendant shall serve restricted intermediate punishment sentence of 54 months, the first 6 shall be served on house arrest. The sentence shall be supervised by Northampton County DUI Probation…. The Defendant having served in excess of the minimum term of incarceration shall be released from the Northampton County Prison forthwith.[8]

On March 12, 2012, the plaintiff filed this complaint against the defendants for violations of her Fourth, Fifth, and Fourteenth Amendment rights.

---

a physician or the Prison Medical Department. I understand that I will be subject to urinalysis or Breathalyzer to determine if such use occurs. I will submit a urine sample to the Community Corrections Officer for testing. Any positive result for illicit drug usage will result in a misconduct and removal from said program until further disposition by the Behavioral Review Board." Plaintiff's Exhibit C at Beahm 301.

[7] The motion to clarify the sentence stated in pertinent part,
> On or about June 18, 2010, the Defendant appeared before the Honorable F.P. Kimberly McFadden and entered a guilty plea to Driving after Imbibing (18 Pa. C.S. § 3802(c))…. Judge McFadden sentenced the Defendant to serve 6 months of house arrest to 54 months. The sentencing sheet is silent as to whether the sentence was to be supervised by Northampton County DUI Probation or State Parole….Northampton County Prison considered the sentence a "special sentence" and interpreted [it] as a state sentence. [] The Defendant was not paroled at the balance of 6 months and served 10 months on house arrest and 187 days in the Northampton County Prison. [] The Defendant believes … that the Court intended that the Defendant be supervised by the Northampton County DUI Probation because a restrictive intermediate punishment sentence, such as the sentence imposed, is only an alternative for a county sentence. The sentence as it is presently interpreted, as a state sentence is unlawful. See 42 Pa. C.S.A. § 9721(a)(6), 9802, 9763, 9773…. Defendant respectfully requests that this Honorable Court clarify the sentence.

Plaintiff's Exhibit 1 at 2-3.

[8] See Plaintiff's Exhibit C at Beahm 005.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

A party moving for summary judgment always bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: 1) citing relevant portions of the record, including depositions, documents, affidavits, or declarations; 2) showing that the materials cited do not establish the absence or presence of a genuine dispute; 3) or showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument that there is no genuine issue of fact by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322; Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992).

Under Rule 56, the court must draw "all justifiable inferences" in favor of the non-moving party. Anderson, 477 U.S. at 255. The court must decide "not whether ... the

evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Id. at 252. The non-moving party cannot avert summary judgment with speculation or conclusory allegations, such as those found in the pleadings, but rather must present clear evidence from which a jury can reasonably find in its favor. Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999). Finally, in reviewing a motion for summary judgment, the court does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion. Siegel Transfer v. Carrier Express, 54 F.3d 1125, 1127 (3d. Cir.1995).[9]

## III. DISCUSSION

The plaintiff argues the defendants violated her Fourth, Fifth, and Fourteenth Amendment rights because the plaintiff "was placed under the jurisdiction of the State Parole Board instead of the local County Probation Office, even though she was sentenced under an Alternate Sentencing Guideline." Doc. No. 16.[10] She argues that "[a]s a matter of law, the County Intermediate Punishment must be served in a County institution." Id. The plaintiff claims that "o[n]ce the court sentenced Plaintiff to House

---

[9] The plaintiff argues that discovery in this case was limited to the preliminary matter of judicial immunity and did not include the remaining issues in the case. She states that "the court indicated that each side should take one deposition to explain the immunity issue." Plaintiff's Answer to Defendant's Statement of Relevant Undisputed Facts (Doc. No. 15). The plaintiff states that following this directive, she took only the deposition of Robin Stanley, an intake administrator at the prison and an employee of the prison. Id. The defendants argue that they informed the court at the Rule 16 that they intended to file a motion for summary judgment on the pleadings because the issues decided in the case were purely legal. See Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. No. 19). I agree with the defendants that the issues in this case are purely legal issues and extensive discovery would do nothing to change the result based on any of the facts that the plaintiff has alleged.

[10] There is no indication that plaintiff was sentenced under 42 Pa. C.S. § 9763(c), as argued by the plaintiff. Persons sentenced for first, second, or third DUI offenses may be sentenced to county immediate punishment after undergoing a drug and alcohol assessment. See 42 Pa. C.S. § 9763(c). However, the plaintiff's sentencing sheet did not indicate the plaintiff's program type as being "county intermediate punishment," though such an option could have been marked. See Plaintiff's Exhibit C at Beahm 011 and Beahm 012.

5

Arrest under 42 Pa. C.S. § 9763, it was outside the jurisdiction of the State Parole Board." Id. She alleges that she was three months past her release date and, but for being mistakenly placed on state supervision, her sentence would have been completed and she would not have been tested after her minimum six month sentence was complete.

A private party may bring a civil cause of action under 42 U.S.C. § 1983 against any person who deprives the party of his or her constitutional rights while acting under color of state law. Section 1983 provides pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Thus, to succeed on a claim under section 1983, a plaintiff must demonstrate: 1) the violation of a right secured by the United States Constitution or a federal statute; and 2) that a person acting under color of state law committed or caused the alleged deprivation. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not itself confer any substantive rights but instead provides a remedy for the violation of federally-protected rights. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). Therefore, I will address each of plaintiff's constitutional claims separately, to determine if there is a violation warranting relief.

### A. Fourth Amendment Claim

The defendants argue that the Fourth Amendment is inapplicable as a matter of law because the plaintiff was a prisoner and Fourth Amendment protections did not apply

to her. The plaintiff concedes that the Fourth Amendment does not normally apply to "prison cells." However, the plaintiff further argues that the Fourth Amendment applies because the system "was transferring the body of the Plaintiff from County Probation to the State Parole Board … in violation of the Alternative Sentence Procedure under State Law." Doc. No. 16.

Though the plaintiff's Fourth Amendment argument is not entirely clear, the plaintiff asserts no injury against which the Fourth Amendment would protect. The Fourth Amendment secures the right of citizens to be free of an unreasonable seizure of person or property. However, the United State Supreme Court has held that this right does not apply to those incarcerated. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). The Third Circuit has reiterated that "a Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent with incarceration." Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001)(discussing Hudson); see also Bosold v. Warden, SCI-Somerset, No. 11-4292, 2011 U.S. Dist. LEXIS 148774, at *14-15 (E.D. Pa. Dec. 28, 2011).

Although house arrest is not a prison sentence *per se*, the parties agree that it is a form of "confinement." Since plaintiff was already confined as part of her sentence, plaintiff's allegation that her inappropriate transfer between county and state parole was an unreasonable seizure of her person has no basis. See Granberry v. Chairman of Pa. Bd. of Prob. & Parole, Civ. A. No. 07-272, 2009 U.S. Dist. LEXIS 124667, 2010 WL 486593, at *4 (W.D. Pa. Feb. 05, 2010) (dismissing Granberry's claim that "'that being imprisoned well past the maximum sentence imposed . . . constituted an illegal seizure of

7

[his] person under the 4th amendment to the United States Constitution'" (omission in original)) (quoting Hudson v. Palmer, 468 U.S. 517, 536, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) and citing Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001)), aff'd, 396 F. App'x 877 (3d Cir. 2010)). As such, plaintiff is unable to assert a constitutional violation under the Fourth Amendment, and this claim under §1983 has no legal merit.

### B. Fifth Amendment Claim

The due process clause of the Fifth Amendment "only protects against federal governmental action and does not limit the actions of state officials." Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2011) (citing Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997)); see also Nguyen v. United States Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the fifth amendment restrict only federal governmental action . . . .")(citing Public Utils. Comm'n v. Pollak, 343 U.S. 451, 461, (1952))). The defendants argue that Fifth Amendment protections do not apply because they are county and not federal officials.[11] Given that there is no dispute as to the defendants' status as non-federal officials, I agree with the defendants and find the plaintiff's Fifth Amendment claim without merit as well.

### C. Fourteenth Amendment Procedural Due Process Claim

The complaint further alleges that the Fourteenth Amendment protects her from illegal arrest or incarceration.[12] The plaintiff argues that the defendants violated her

---

[11] The plaintiff offers no legal objections to these arguments.

[12] The plaintiff does not specifically state whether she is asserting a substantive or procedural due process claim with respect to her detention.

Fourteenth Amendment due process rights related to her liberty interest in "making prison officials follow the sentence." Doc. No. 16. She contends that by improperly classifying her as being under state parole, rather than county probation, prison officials changed her court-imposed sentence creating a new and different sentence of incarceration with significantly less advantages.[13] The defendants contend that the plaintiff's Fourteenth Amendment claims of procedural due process fail because plaintiff has not alleged a constitutionally-protected injury.

In order to establish a Fourteenth Amendment procedural due process violation, plaintiff must demonstrate that she has been deprived of a constitutionally-protected liberty or property interest. Daniels v. Williams, 474 U.S. 327, 339 (1986). The plaintiff offers no legal basis for her asserted constitutional right, and I find none as well.

Though no case law directly addresses whether a change in community supervision invokes the protections of the Due Process Clause of the Fourteenth Amendment, no due process liberty interest is infringed when a person serving a criminal sentence is transferred from one place of confinement to another. Meachum v. Fano, 427 U.S. 215, 224 (1976)(holding that "any change in the conditions of confinement having a substantial adverse impact on the prisoner involved" does not invoke due process protections); see also Montanye v. Haymes, 427 U.S. 236, 244 (1976). A criminal defendant may be confined and subject to the rules of a prison system, so long as those

---

[13] The plaintiff cites the testimony of Ms. Robin Stanley, who stated that county probation is preferable to state because "county parole agents are here. The state agents are not on our campus and they would have to come there. So they may not come there – they are supervising the whole state. So they may not get there on your minimum. You may not get out on your minimum as a state parole inmate." See Supplement Deposition of Robin Stanley (Doc. No. 15).

9

conditions in themselves do not violate the Constitution. Meachum, 427 U.S. at 224.[14] Plaintiff has not alleged that the conditions of her sentence, in themselves, have violated the Constitution. Furthermore, while state statutes may also create a liberty interest, plaintiff does not point to any specific Pennsylvania statute that requires supervision by county probation for those serving community sentences over two years. See Wolff v. McDonnell, 418 U.S. 539, 558 (1974)(discussing how state statute can create a liberty interest ).

Additionally, the plaintiff has no legal right to a release from custody at her minimum sentence date. In order for a protectable property interest to exist, a person "must have more than an abstract need or desire for it" or have "a legitimate claim of entitlement to it." Board of Res. Of State Colleges v. Roth, 408 U.S. 564, 577 (1972). It is well established under Pennsylvania law that a prisoner has no absolute right to be released upon the expiration of the prisoner's minimum term. See 42 Pa. C.S. § 9756(b).[15] Therefore, I can find no basis for a violation of plaintiff's constitutional due process rights, and her § 1983 claim related to these "rights" has no merit.

---

[14] Furthermore, the plaintiff's arrest for her violation of parole was a result no different than if she had been under county probation. Regardless of her parole authority, the plaintiff agreed to abide by the conditions of the Northampton County Department of Corrections Community Corrections Program, to which she was sentenced. Her abstention from alcohol was a condition of this program.

Furthermore, even under county supervision, the plaintiff could have been subject to arrest following her failed drug test while on probation. Under 42 Pa. C.S. § 9913, a probation officer shall have police powers and authority throughout this Commonwealth to arrest, with or without warrant, writ, rule or process, any person on probation, intermediate punishment, or parole under the supervision of the court for failing to report as required by the terms of that person's probation, intermediate punishment or parole or for any other violation of that person's probation, intermediate punishment or parole. See 42 Pa. C.S. § 9913 (2009).

[15] Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled. Rogers v. Pennsylvania Bd. of Probation & Parole, 724 A.2d 319, 321 n. 2 (Pa. 1999). The mere fact that she contends her sentence should have been over at the end of that six months is speculative at best. There is no guarantee that had the plaintiff served her minimum under county supervision, she would not have

10

### D. Fourteenth Amendment Substantive Due Process Claim

With regard to her substantive due process claim, the defendants assert that because of the "more specific provision rule," the plaintiff can only make out a claim under the Eighth Amendment for the assertion that the plaintiff was released past her scheduled release date.[16] See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998)).[17] "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" Id. (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)). I agree with the defendants that we are bound by the "more specific provision rule" and must analyze the plaintiff's claim under the Eighth Amendment, not the substantive due process rubric.

---

continued to be supervised by a probation officer and required to submit to random drug and alcohol screenings. The only difference is that the plaintiff believes that her county parole officer would have visited sooner, at a time when she may not have tested positive for alcohol consumption. The purpose of random drug screenings is to be an unscheduled or surprise deterrence and there is no guarantee that a county probation officer would have not visited at a time when a positive alcohol test was possible, thereby warranting a release from probationary supervision.

As is relevant and appropriate, a court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of sentencing, with due consideration being given to the time spent serving the order of probation. 42 Pa. C.S. § 9771 (b). A court faced with a parole violation must recommit the parolee to the remainder of the original sentence of imprisonment (the unexpired balance) from which the prisoner could be re-paroled. See Com. v. Holmes, 933 A.2d 57, 66 (Pa. 2007). Under 42 Pa. C.S. § 9776 the court may also, on cause shown by the probation officer "that the inmate has violated his parole, recommit and reparole the inmate in the same manner and by the same procedure as in the case of the original parole." 42 Pa. C.S. § 9776.

[16] The plaintiff does not provide legal arguments addressing her substantive due process violations.

[17] The plaintiff argues that this is a proper claim under the Fourteenth Amendment and may be proper under the Eighth Amendment, but more discovery is necessary. The plaintiff, however, did not allege an Eighth Amendment violation and simply presumes that this court would allow a post-discovery amendment.

"The Eighth Amendment protects convicted individuals from 'cruel and unusual punishments,' and the Third Circuit has recognized a cause of action under this provision for prisoners detained past their scheduled release date." Davis v. Pa. Bd. of Prob. & Parole, Civ. A. No. 05-330J, 2006 WL 3308440, at *7 (W.D. Pa. Oct. 13, 2006) (citing Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989), and Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993)). Even when a prisoner has been detained past his maximum release date, his continued detention may only be cruel and unusual if it is "totally without penological justification."[18] Sample, 885 F.2d at 1108 (allowing relief for a prisoner held in error for nine months and eight days past his five year maximum). Furthermore, in order to obtain relief for continued detention under § 1983, a prisoner must show that a prison official was aware of his overstay and was deliberately indifferent in rectifying the problem.[19] Id. at 1110. For these reasons, cases or this type are "extremely rare." Moore, 986 F.2d at 686.

---

[18] Pursuant to 42 Pa. C.S. §§ 9755(b), 9756 (b), prison sentences must have a minimum term and a maximum term. The legal sentence is the maximum sentence. 42 Pa. C.S. §§ 9755(b), 9756 (b). While the minimum sentence determines parole eligibility, the maximum sets forth the period of time that the state intends to exercise its control over the offender for his errant behavior. Commonwealth ex rel. Banks v. Cain, 28 A.2d 847 (Pa. 1942). The judicial discretion is the determination of the period of control over the offender in view of the nature of the crime, the background of the defendant, and the other pertinent considerations for such a decision. The judicial discretion seeks to protect the institution in which the sentence is to be served, the objects sought to be accomplished during this period of control, and all the other penological considerations.

The court may at any time increase conditions of probation, 42 Pa. C.S. § 9771, a county immediate punishment sentence, 42 Pa. C.S. § 9773, or state immediate punishment sentence, 42 Pa. C.S. § 9774.

[19] To establish § 1983 liability in this context, a plaintiff must first demonstrate: 1) a prison official's knowledge of the prisoner's problem and the risk that unwarranted punishment was being inflicted; 2) that the official failed to act or took only ineffectual action under circumstances in responding to the prisoner's problem showing a deliberate indifference to the prisoner's plight; and 3) a causal connection between the official's response to the prisoner's problem and the infliction of the unjustified detention. Sample, 885 F.2d at 1110.

Again, while house arrest is not a prison sentence *per se*, it is considered a "confinement." Like a prison sentence, the plaintiff could have been "confined" for a maximum of fifty-four months, after which point her detention could have been considered cruel and unusual. But this did not happen. The plaintiff was released just over her minimum date and was released from her sentence three and a have years before her maximum date. The plaintiff would have suffered this same maximum sentence regardless of her supervising parole officer's jurisdiction. Someone, either from the county or the state, would have supervised her parole. Consequently, the plaintiff asserts no cognizable injury under the Eighth Amendment and her § 1983 claim lacks merit.

## IV. CONCLUSION

For the above reasons, I will grant defendants' motion for summary judgment. An appropriate Order follows.